C. E. GESSNER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 29, 1908.**

1. **STREET RAILWAYS: Collision: Negligence: Instruction: Assumption.** An instruction submitting to the jury whether the failure to control the car or check the speed caused the collision is condemned because it assumes that such failures were negligent.

2. ———: ———: ———: **Width of Lots: Judicial Notice: Instruction.** An instruction which assumes that the car and the wagon were a given distance apart is condemned though the evidence shows there were so many lots between them, since the court cannot take judicial notice of the width of lots, but the same must be proved.

3. ———: ———: ———: **Instruction: Conflicting: Humanitarian Theory.** An instruction is condemned since the first sentence unqualifiedly cuts out the humanitarian theory from the case and the second sentence emphatically permits a verdict upon that theory.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

REVERSED AND REMANDED.

*John H. Lucas, F. G. Johnson* and *Halbert H. Mc-Cluer* for appellant.

(1) The court erred in refusing defendant's peremptory instruction for the reason that, under the evidence and the pleadings, the plaintiff was not entitled to recover. Reno v. Railroad, 180 Mo. 486; Grout v. Railroad, 102 S. W. 1029; Rissler v. Transit Co., 113 Mo. App. 125; Heintz v Transit Co., 115 Mo. App. 670; Heinzle v. Railroad, 182 Mo. 555; Ruchenberg v. Railroad, 161 Mo. 70. (2) The court erred in giving instructions numbered 1, 2, 3, 4 and 5, and each of them, requested by the plaintiff. As to one and two: Schroeder v. Transit Co., 111 Mo. App. 67. As to five: Camp-

bell v. Transit Co., 121 Mo. App. 406-412; Fisher v. Lead Co., 156 Mo. 495; Politowitz v. Tel. Co., 115 Mo. App. 57; Briscoe v. Railroad, 118 Mo. App. 671; Kohr v. Railroad, 117 Mo. App. 308; Browning v. Railroad, 118 Mo. App. 668.

*Bird & Pope* for respondent.

(1) The evidence made a case for the jury under both the first and the last chance rules. Richmond v. Railroad, 123 Mo. App. 495; Goff v. Transit Co., 199 Mo. 694; Wise v. Transit Co., 198 Mo. 556; Moore v. Transit Co., 194 Mo. 1; O'Keefe v. Railroad, 124 Mo. App. 622; Mertens v. Transit Co., 122 Mo. App. 304; Kimble v. Railroad, 108 Mo. App. 78; Moritz v. Transit Co., 102 Mo. App. 662. (2) And it was not at all necessary for the plaintiff, by expert witnesses, to show the exact distance in which the car should have been stopped by an ordinarily prudent motorman. Richmond v. Railroad, 123 Mo. App. 495; Beier v. Transit Co., 197 Mo. 215; Holden v. Railroad, 177 Mo. 456; O'Keefe v. Transit Co., 124 Mo. App. 622; Rogers v. Transit Co., 117 Mo. App. 678; Dairy Co. v. Transit Co., 103 Mo. App. 90; Linder v. Transit Co., 103 Mo. App. 579; Barrie v. Transit Co., 102 Mo. App. 92; Shanks v. Traction Co., 101 Mo. App. 702; Agnew v. Railroad, 125 Mo. App. 587; McFern v. Gardner, 121 Mo. App. 1; Schroeder v. Transit Co., 111 Mo. App. 67; Buren v. Transit Co., 104 Mo. App. 224. (3) It is claimed that the giving of plaintiff's instructions was error.

ELLISON, J.—Plaintiff's action was brought to recover damages for personal injuries received by a collision between a wagon he was driving and one of defendant's street cars. The judgment was for the plaintiff.

The petition alleges that plaintiff was seated in a

·one-horse wagon which he was driving east on Ninth street (a street running east and west) in Kansas City, along and upon the north track of defendant's street railway about two hundred feet west of Mulberry street, when one of defendant's cars was so carelessly managed and controlled that it was run into the wagon and plaintiff thrown to the street, whereby he was hurt. The negligence charged is in the conductor and motorman failing to keep a proper lookout for persons on said street; and in failing to keep the car under such control that it would not be run into and upon persons and wagons; and in running the car at too great a rate of speed and in a careless and negligent manner; and in failing to check the speed or stop the car and thereby avoid running into the wagon in which plaintiff was seated after seeing plaintiff or by ordinary care could have seen him. The answer was a general denial and contributory negligence on part of the plaintiff.

There was evidence tending to support the petition, and also that defendant was not guilty of negligence, and that plaintiff himself was guilty of contributory negligence.

Complaint is made of plaintiff's instruction numbered 1, in that it assumes that defendant was guilty of negligence either in failing to keep the car in control, or by failure to check the speed or stop the car. We think the complaint well founded. That portion of the instruction reads: "and that said injuries to the plaintiff, if any, were caused by the carelessness and negligence of the defendant either by the failure of the motorman in charge of said car to keep said car under such control that it would not be run into and upon the said wagon in which plaintiff was seated, or by the failure of the motorman in charge of said car to check the speed of or stop said car and thereby avoid running into the wagon in which plaintiff was seated,

when he saw, or by the exercise of ordinary care ought to have seen that said wagon was in a situation where it was liable to be run into by said car unless the speed of said car was checked, or it was stopped before it collided with said wagon." It does not submit to the jury the hypothesis whether a failure to keep the car under control, or a failure to check the speed of the car, was negligence. It submits to the jury whether such failures caused the injury, but assumes that either of the failures was negligence. As negligence is the vital part of the cause of action, it is readily seen that the instruction was erroneous.

Again, the instruction places the plaintiff, when struck, as "driving along on the west bound track of the defendant, near and about two hundred feet west of Mulberry street." There was no evidence of the distance from Mulberry street, but plaintiff states that assuming the width of a lot to be twenty-five feet and taking the number of the house in front of which plaintiff was, it can be seen that the place was about two hundred feet west of Mulberry street. We cannot take judicial notice of the width of a lot and therefore must require proof. The only evidence concerning a distance of two hundred feet was, not as to the point of collision, but was in regard to where the wagon was found the next day.

Instruction numbered 2 for plaintiff seems to present a point blank contradiction. The first sentence expressly directs a verdict for the defendant if the jury believed plaintiff was guilty of negligence in driving along the defendant's west-bound track. It states in affirmative words that if he was negligent in so doing, "then he cannot recover herein and your verdict should be for the defendant." Wholly ignoring this unqualified direction, it proceeds in the next sentence to direct "But if you further find and believe from the evidence that plaintiff was in a position of peril," and that de-

fendant's servants saw him and could have stopped, etc., "and carelessly, and negligently failed to do so, then you will find for the plaintiff, and not for the defendant, notwithstanding the said negligence of the plaintiff in driving along the west-bound track of the defendant." It would be difficult to frame an instruction more confusing. The first sentence unqualifiedly cuts out the humanitarian theory and the second as emphatically permits a verdict under that rule. It may be said that the first sentence was a mistake against plaintiff; but, as a whole, it seems to us liable to lead to any sort of verdict.

The judgment will be reversed and the cause remanded. All concur.